1  GENESE K. DOPSON (SBN 108333)
   LILLA SHKOLNIKOV (SBN 219484)
2  **WILSON, ELSER, MOSKOWITZ,**
     **EDELMAN & DICKER LLP**
3  525 Market Street, 17th Floor
   San Francisco, CA 94105
4  Telephone: (415)433-0990
   Facsimile: (415)434-1370
5

6  Attorneys for Defendant,
   K2M, INC.
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NASIR HUSSEIN,<br><br>            Plaintiff,<br><br>    v.<br><br>K2M, INC., a Delaware corporation, and DOES 1-20 inclusive,<br><br>           Defendants. | Case No: 2:16-CV-01446-KJM-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER; ORDER** |

This Stipulation and Protective Order ("Protective Order") shall govern the use and treatment by the parties in this Action (Case No. 2:16-CV-01446-KJM-EFB) of documents, electronically stored information, tangible things, and deposition testimony produced in this Action and all related appeals. This Protective Order provides necessary protection to private and proprietary client information and reduces the risk of costly discovery disputes and judicial intervention which may not be accomplished through private agreement. Plaintiff NASIR HUSSEIN and defendant K2M, INC. (collectively referred to as the "Parties," and individually as "Party") hereby stipulate and agree through their respective attorneys of record, as follows:

**1.** **SCOPE.** All documents, electronically stored information, or tangible things, as defined under Fed. R. Civ. P. 34, as well as deposition testimony, (all collectively, "Protected Material") shall be subject to this Protective Order. Furthermore, this Protective Order governs not only

Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations in this action that may discuss or reveal Protected Material. However, the protections conferred by this Protective Order do not cover any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Protective Order. The Party who generated or produced any Protected Material shall be referred to as the "Producing Party".

**2. FORM AND TIMING OF DESIGNATION.** The Parties may designate any Protected Material as CONFIDENTIAL in any reasonable manner—e.g., by placing or affixing the word "CONFIDENTIAL" on the Protected Material or indicating in an accompanying cover letter or other contemporaneous written communication that it is confidential. Documents should be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the Protected Material. Inadvertent or unintentional production of Protected Material without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, by the Producing Party of the right to designate the Protected Material as CONFIDENTIAL. The Producing Party may designate, in writing, previously-produced Protected Material as CONFIDENTIAL at any time during this Action.

**3. PROTECTED MATERIAL WHICH MAY BE DESIGNATED CONFIDENTIAL.** Any Party may designate Protected Material as CONFIDENTIAL after the Party has determined in good faith that the Protected Material contains information that should be shielded from public disclosure. Such information (regardless of how generated, stored, or maintained) may include, but is not limited to:

    **a.** Information that constitutes a trade secret (as "trade secret" is defined in California Civil Code section 3426.1(d)) or other confidential research, development, or commercial information in accordance with applicable law that includes but is not limited to proprietary rights, including technical information constituting trade secrets, confidential know how and the like; corporate information, including product design and development; manufacturing and selling know how and the like; customer and customer lists; and documents and

technical information, which the Producing Party believes in good faith has competitive value, is not known to others in the Producing Party's trade or business, and the Producing Party has not revealed to third parties, except in confidence and taken reasonable steps to maintain its confidential nature, and the disclosure of which would provide a particularly broad competitive advantage to the Producing Party's competitors and/or would likely cause significant harm to the competitive position of the Producing Party.

**b.** Information that a Party is prohibited by law, statute, or regulation from publicly disclosing; and

**c.** Information that a Party is required to maintain confidential pursuant to a contract and/or other confidentiality agreement or protective order.

**4.  DEPOSITIONS.**  Portions of depositions shall be deemed CONFIDENTIAL only if designated as such by a Party.  Confidentiality designations should be made during the deposition or within 30 calendar days after receipt of the final transcript.  Such designation shall be specific as to the portions to be protected.  Inadvertent failure of a Party to designate portions of a deposition as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of that Party's right to subsequently designate, in writing, portions of the deposition as CONFIDENTIAL at any time during this Action.

**5.  PROTECTION OF CONFIDENTIAL MATERIAL**

**a.  General Protections.**  Protected Material designated CONFIDENTIAL under this Protective Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified below (subparagraphs b. i-ix) for any purposes whatsoever other than the fair resolution of this Action.

**b.  Limited Third Party Disclosures.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Materials designated CONFIDENTIAL under the terms of this Protective Order to any other person or entity except as set forth in subparagraphs i-ix below. Some people to whom disclosure is to be made shall execute an acknowledgment (in the form set forth as Attachment A hereto), that he or she has read and understands the terms of this

Protective Order and is bound by it (see below). Subject to these requirements and those outlined in subparagraphs i-viii below, the following categories of persons may be allowed to review Protective Materials that have been designated CONFIDENTIAL pursuant to this Protective Order.

   **i.** Counsel and employees of counsel for the Parties who have responsibility for litigating this Action (these persons need not sign Attachment A);

   **ii.** Parties in this Action, or their employees involved in the management of this Action (these persons need not sign Attachment A);

   **iii.** Court reporters and videographers engaged for depositions or hearings, and those persons, if any, specifically engaged for the limited purpose of making photocopies of Protected Materials (these persons need not sign Attachment A);

   **iv.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in litigating this Action (<u>these persons shall sign Attachment A</u>);

   **v.** Deponents in this case—any deponent who is shown CONFIDENTIAL Protected Materials during his/her deposition is subject to the provisions of this Protective Order and the jurisdiction of the Court (these persons need not sign Attachment A);

   **vi.** The claims professional(s) for a Party's liability insurance carrier with primary responsibility for this Action (these persons need not sign Attachment A;

   **vii.** The jury, if any, at time of trial (these persons need not sign Attachment A); and

   **viii.** Other persons only upon consent of the Producing Party or upon order of the Court and on such conditions as are agreed to or ordered (<u>these persons shall sign Attachment A</u>).

**c.** **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Materials designated as CONFIDENTIAL pursuant to the terms of this Protective Order. Counsel shall maintain a record of those

persons, who have reviewed or been given access to the Protected Materials along with the originals of the forms signed by those persons acknowledging their obligations under this Protective Order (see above for a list of persons who must sign Attachment A).

**d.     Copies.**  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Protected Materials designated as CONFIDENTIAL under this Protective Order, or any portion of such Protected Materials, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Protective Order.

**e.     Subpoena, Request, or Demand for Confidential Protected Materials.**  In the event that the Parties to this Protective Order, the Parties' counsel, or any recipient of CONFIDENTIAL Protected Materials (1) is served with a subpoena, request, or other legal process in this or any other action, or (2) is served with a request or a demand or any other legal process by a governmental agency concerning CONFIDENTIAL Protected Materials subject to this Protective Order, that person shall give prompt written notice of such event to the Producing Party who designated the Protected Materials as CONFIDENTIAL and shall object on the basis of this Protective Order to producing or responding to any such request, demand, subpoena, or other legal process.  Thereafter, the Producing Party who designated the Protected Materials as CONFIDENTIAL shall assume responsibility for preserving and prosecuting any objection to the request or demand or subpoena.  The person served shall be obligated to cooperate to the extent necessary to enforce the terms of this Protective Order.  Nothing herein shall be construed as requiring the named Parties, the Parties' counsel, or the recipient of CONFIDENTIAL Protected Materials to challenge or appeal or to seek relief from any order requiring the production or other response concerning CONFIDENTIAL Protective Materials, or to subject her or himself to any penalties for noncompliance with any request, demand, subpoena, legal process, or order requiring the production or other response concerning CONFIDENTIAL Protected Materials other than as stated above.

**6. FILING OF CONFIDENTIAL PROTECTED MATERIALS.** In the event a Party seeks to file any Protected Materials designated as CONFIDENTIAL and therefore potentially subject to sealing, the filing Party shall provide the Producing Party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the Court. All requests to seal or redact shall be governed by Civil Local Rule 141 ("Sealing of Documents") and Local Rule 140 ("Privacy Concerns and Redaction"). No Protected Materials may be filed under seal and no redacted Protected Materials may be filed without prior approval of the Court.

**7. GREATER PROTECTION OF SPECIFIC DOCUMENTS.** No Party may withhold otherwise-discoverable information on the ground that it requires protection greater than that afforded by this Protective Order unless the Party moves for an order providing such special protection. However, healthcare provider, reporter, and patient-identifying information will be redacted pursuant to California law and federal regulations and statutes, including the Health Insurance Portability and Accountability Act. *See, e.g.,* 45 C.F.R. § 164.514; 21 U.S.C. §360i; 21 C.F.R. § 314.430, *et seq.;* 21 C.F.R. § 20.63(1); 21 C.F.R. §803.9.

**8. CHALLENGES TO DESIGNATION AS CONFIDENTIAL**. Any CONFIDENTIAL designation may be subject to challenge. The following procedures shall apply to any such challenge.

    **a.** A Party who contends that Protected Materials designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the Producing Party who affixed the designation of the specific basis for the challenge, including identification of the specific Protected Materials at issue (e.g., by citing Bates pages). The Producing Party who so designated the Protected Materials shall have fifteen (15) calendar days from service (adding five (5) calendar days if service is by regular U.S. mail) of the written notice to determine if the dispute can be resolved without judicial intervention. If, after meeting and conferring in good faith and expiration of this fifteen (15) calendar day period, it is determined that the dispute cannot be resolved without

judicial intervention, the Producing Party may then move for an order to retain confidentiality.

    **b.** Notwithstanding any challenge to the designation of documents as CONFIDENTIAL, all Protected Materials previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

        **i.** The Producing Party who claims that the Protected Materials are CONFIDENTIAL withdraws such designation in writing; or

        **ii.** The Court rules that some or all of the Protected Materials shall no longer be designated as CONFIDENTIAL;

    **c.** Challenges to the confidentiality of Protected Materials may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**9. INADVERTENT PRODUCTION OF PRIVILEGED PROTECTED MATERIALS.** If at any time a Producing Party discovers that privileged Protected Materials have been inadvertently produced, that Party may seek the return and/or destruction of those privileged Protected Materials by providing written notice to the Party to whom the privileged Protected Materials were produced. Privileged Protected Materials may include those that are subject to attorney-client privilege, the attorney work product doctrine, or any other applicable privilege under the law. If the Party that received the purportedly privileged Protected Materials decides to challenge the privileged designation, that Party has the burden of moving for an order removing the privileged designation and establishing that the Protected Materials are not deserving of privileged treatment. Challenges to any assertions of privilege shall follow the procedure and timeframe outlined in ¶ 8 above for confidentiality challenges.

**10. TREATMENT ON CONCLUSION OF ACTION.**

    **a. Order Remains in Effect.** All provisions of this Protective Order restricting the use of Protected Materials designated CONFIDENTIAL shall continue to be binding after the

conclusion of the Action, including the conclusion of any appeal, unless otherwise agreed or ordered;

  **b. Return of CONFIDENTIAL Protected Materials.**  Within thirty (30) calendar days after the conclusion of this Action, including conclusion of any appeal, all Protected Materials treated as CONFIDENTIAL under this Protective Order, including copies as defined above, shall be returned to the Producing Party unless: (1) the Protected Materials have been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to CONFIDENTIAL Protected Materials containing the notations, summations, or other mental impressions of the receiving Party, that Party elects destruction.

**11. ORDER SUBJECT TO MODIFICATION.**  This Protective Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the Parties have been given written notice and an opportunity to be heard on the proposed modification.

**12. NO JUDICIAL DETERMINATION.**  This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery and the fair resolution of this Action.  Nothing herein shall be construed or presented as a judicial determination that any Protected Materials designated as CONFIDENTIAL by counsel is subject to protection under the relevant rules of this jurisdiction or otherwise until such time as a document-specific ruling shall have been made.

**13. PERSONS BOUND**.  This Protective Order shall take effect when entered and shall be binding upon (1) Parties representing themselves in this Action; (2) counsel who signed below and their respective law firms; (3) their respective clients; (4) all individuals described under ¶ 5.b.i-viii; and (5) any individual signing Attachment A.

**14. MISCELLANEOUS.**

  **a. Right to Further Relief.**  Nothing in this Protective Order abridges the right of any Party to seek its modification by the court in the future;

**b. Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Materials covered by this Protective Order;

**c.** All civil remedies for breach of this Protective Order are specifically reserved, and are not waived, by the Parties.

**d.** This Protective Order shall be governed by and construed in accordance with applicable federal laws and rules, as well as any applicable California state laws;

**e.** If any provision of the Protective Order is determined to be unenforceable for any reason, it shall be modified rather than voided, if possible, in order to achieve the intent of the Parties to the extent permitted by law. In any event, all other provisions of this Protective Order shall be deemed valid and enforceable to the extent permitted by law.

**f.** The individuals signing this Stipulation represent and warrant that they have the authority to sign this Stipulation on behalf of the respective Party;

**g.** This Stipulation may be executed in one or more counterparts, all of which shall be considered part of one and the same Stipulation; and

**h.** The Protective Order shall become effective when signed by the Court.

**IT IS SO STIPULATED**:

DATED: April 7, 2017          By: /s/ <u>Shahid Manzoor, Esq.</u>
                                                    Shahid Manzoor, Esq.
                                                    Stephen Mulnick, Esq.
                                                    MANZOOR LAW FIRM, INC.
                                                    Attorney for Plaintiff
                                                    *Nasir Hussein*

DATED: April 7, 2017          By: /s/ <u>Genese K. Dopson, Esq.</u>
                                                    Genese K. Dopson, Esq.
                                                    Lilla Shkolnikov, Esq.
                                                    WILSON, ELSER, MOSKOWITZ,
                                                    EDELMAN & DICKER, LLP
                                                    Attorneys for Defendant
                                                    K2M, Inc.

**ORDER**

WHEREAS, the Parties to this Stipulation and Protective Order have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order, accordingly, IT IS SO ORDERED.

DATED: April 17, 2017

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he or she has read the foregoing Protective Order dated _____, 2016 in the above-captioned action, entitled *Hussein v. K2M, Inc.,* U.S.D.C., Eastern District of California, Case No. 2:16-CV-01446-KJM-EFB, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S.D.C., Eastern District of California, Case No. 2:16-CV-01446-KJM-EFB in matters relating to this Protective Order.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

1
PROOF OF SERVICE

1663581v.1